



1

Electronically Filed
3/5/2018 10:18 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax:  (702) 444-4455
E-Mail: Garnet@RichardHarrisLaw.com
*Attorneys for Plaintiff*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| JEREMY PALOW, <br><br> Plaintiff, <br><br> vs. <br><br> GEIGO GENERAL INSURANCE COMPANY; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | CASE NO.  A-18-770481-C <br> DEPT. NO.  Department 17 <br><br> **COMPLAINT** |

Plaintiff JEREMY PALOW, by and through his counsel, GARNET E. BEAL, ESQ. of the RICHARD HARRIS LAW FIRM, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

1. That Plaintiff JEREMY PALOW (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the Wisconsin.

2. That Defendant, GEIGO GENERAL INSURANCE COMPANY (hereinafter "GEICO"), is, and at all times mentioned herein, a corporation, chartered under the laws of the State of Illinois and doing business in the State of Nevada and deriving substantial revenue from the state.

1

3. That the true names and capacities, whether individual, corporate, associate or otherwise of DOE INDIVIDUALS I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOE INDIVIDUALS I through X and ROE CORPORATIONS I through X is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacity of said Defendants, and when the same have been ascertained, join such Defendants in this action together with the proper charges and allegations.

4. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5. On or about May 28, 2016, Plaintiff was a passenger in a vehicle traveling on north on Sandy Ridge, near Sunridge Heights, in Henderson, Clark County, Nevada.

6. At that time, Plaintiff was t-boned by non-party Domenique Symone Terry ("Terry") an underinsured adverse driver.

7. The adverse driver was operating her vehicle in a negligent, careless, reckless and wanton manner and failed to use due care and negligently t-boned Plaintiff's causing him damages and injuries.

8. The adverse drivers' actions violated the laws of the State of Nevada governing their conduct under the circumstances and are thereby deemed to be negligent.

9. Non-party Christine Burrell carried 25,000/50,000 insurance coverage with The Hartford Insurance Company.

10. The Hartford Insurance Company has tendered their insureds' policy limits of $25,000.00.

11. At the time of the subject accidents, Plaintiff maintained an automobile insurance policy with uninsured/underinsured motorist bodily injury coverage limits of $100,000/$300,000 per incident with Geico.

12. At some time prior to May 28, 2016, GEICO issued a policy of automobile insurance to Plaintiff (Policy No. 4149656425). This policy of insurance contained uninsured/underinsured motorist bodily injury coverage with limits of $100,000/$300,000 per incident.

13. Said policy of insurance contained provisions providing coverage to the Plaintiff for damages suffered as a direct and proximate result of the negligence of operators of uninsured/underinsured motor vehicles.

14. Plaintiff made all required premium payments due under said policy and there was a binding contract of insurance in full force providing coverage for Plaintiff on May 28, 2016.

15. As a result of the May 28, 2016, aforementioned motor vehicle accident, Plaintiff suffered severe injuries and damages.

16. Based upon Plaintiff's extensive medical special damages and the nature and extent of his injuries, on March 21, 2017, Plaintiff sent a written demand that Defendant GEICO pay the UIM policy limits of $100,000.00. Attached to Plaintiff's letter was medical records and billing showing the severity of Plaintiff's injuries and past and future medical specials totaling $52,445.68.

17. Since that time, GEICO has undervalued Plaintiff's underinsured motorist claims without proper cause.

18. GEICO has a duty to evaluate the claim and reasonably compensate Plaintiff for his damages.

19. GEICO knowingly performed an unreasonable investigation, evaluation and processing of Plaintiff's claim.

20. To date, Plaintiff has fully cooperated with all of GEICO's requests.

21. GEIGO failed to complete its evaluation and investigation within a reasonable time frame.

22. GEIGO knew Plaintiff suffered injuries as a result of this accident.

23. GEIGO has no reasonable basis for its conduct.

24. GEIGO undervalued Plaintiff's valid underinsured motorist claim without proper cause.

25. Plaintiff's underinsured motorist claim is a loss covered by the GEIGO policy.

26. GEIGO failed to timely pay benefits upon proof of this loss.

27. GEIGO refused to timely make an adequate payment to Plaintiff, as was required under the subject Policy.

28. GEIGO's refusal to pay the Policy limits was made without a reasonable basis in fact or law.

29. GEIGO's refusal to pay the Policy limits was made in bad faith and for the purpose of denying the benefits of contract for underinsured/uninsured motorist coverage to Plaintiff.

30. As a direct and proximate result of the negligence of the third-party driver, Plaintiff has been caused to suffer serious bodily injury, disability and pain and suffering, which may be permanent and/or experienced in the future, all other general damages in excess of $15,000.

31. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

32. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff has been required to alter her physical activities and has limited occupational and recreational activities, which have caused—and shall continue to cause—

Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

33. GEIGO's refusal to pay Plaintiff's benefits due under the applicable contract of insurance was malicious, willful, and intentional and in fact, did cause injury to Plaintiff in excess of $15,000.00.

34. That Plaintiff has been required to engage the services of an attorney, and accordingly, has incurred attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION
(UIM BREACH OF CONTRACT CLAIM-DEFENDANT GEIGO)

35. Plaintiff repeats and reallegs the allegations contained in Paragraphs 1 through 36 as fully set forth herein.

36. Plaintiff had a contract, Policy 4149656425, with Defendant GEIGO.

37. Said Policy contained and Underinsured and/or Uninsured motorist provision providing coverage to the Plaintiff and any passengers for damages as a direct and proximate result of the negligence of other vehicle operators, when the other operators lacked or had insufficient insurance coverage.

38. Said policy of insurance was in full force and effect on May 28, 2016, when the subject incident occurred.

39. GEIGO is contractually obligated to Plaintiff who was an insured under the subject policy.

40. GEIGO failed to timely pay benefits under the underinsured/uninsured portion of the subject policy, thereby breaching its contractual duty.

41. GEIGO undervalued Plaintiff's valued underinsured motorist claims without proper cause.

42. As a direct and proximate result of GEIGO's breach of contract, Plaintiff has sustained general damages in excess of $15,000.

43. That as a result, Plaintiff has suffered damages up to and including the limits of all available underinsured motorist coverage for personal injury in an amount in excess of $15,000.

44. As a further direct and proximate result of the named Defendant and Doe and Roe Defendants' negligence, Plaintiff, incurred expenses for medical care and treatment in an amount in excess of $15,000.

## SECOND CAUSE OF ACTION
(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING-DEFENDANT GEIGO)

45. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 44 as fully set forth herein.

46. Plaintiff and Defendant GEIGO were bound by a contractual relationship pursuant to the Policy. The expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, obligated Defendant to act in good faith toward and to deal fairly with Plaintiff.

47. Defendant GEIGO and/or Roe Corporations and its agents owed a duty to Plaintiff to comply with its implied covenant of good faith and fair dealing.

48. At all times mentioned herein, GEIGO and/or Roe Corporation, and its agents further owed a duty to the Plaintiff to ensure it did not impair the Plaintiff's right to receive benefits of the above described policy of insurance.

49. GEIGO and/or Roe Corporation, through its agents, acted in bad faith and violated its implied covenant of good faith and fair dealing by repeatedly and continuously failing and refusing to pay to the Plaintiff the sum of money due and owing to Plaintiff under the above-described policy of insurance.

50. The failure of GEIGO, to exercise good faith and fair dealing has resulted in substantial delay in receipt of benefits to which Plaintiff is entitled and has and will result in substantial economic loss, as well as attorney's fees and costs.

51. The failure of GEIGO to exercise good faith and fair dealing has resulted in Plaintiff suffering severe emotions distress.

52. The aforesaid conduct of GEIGO was in willful, wanton and reckless disregard of Plaintiff's interests, to such extent as to constitute oppression, fraud and actual malice toward Plaintiff, thus entitling Plaintiff to an award for punitive damages.

53. The conduct of GEIGO was intentional, malicious and reckless, and in conscious disregard of the consequences to Plaintiff, therefore Plaintiff is entitled to punitive damages.

54. By reason of the premises and as a direct and proximate result thereof, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, all to his damage for which the present amount is unknown; Plaintiff is informed and believes, and thereon alleges, that such expenses will continue in the future, all to his damage in a presently unascertainable amount. In this regard, Plaintiff prays leave of this Court to insert all said damages herein when the same have been full ascertained.

### THIRD CAUSE OF ACTION
(VIOLATION OF UNFAIR CLAIMS PRACTICES ACT-DEFENDANT GEIGO)

55. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 to 54 as if fully set forth herein.

56. That Plaintiff and Defendant GEIGO were bound by a contractual relationship pursuant to the Policy.

57. GEIGO further breached the Covenant of Good Faith and Fair Dealing by its violation of provisions of the Unfair Claims Practices Act (NRS § 686A.310) set out below; violations which were done with GEIGO's actual and/or implied knowledge.

58. GEIGO's deliberate delay in paying benefits due to Plaintiff is in direct violation of both the Nevada Insurance Regulations and NRS 686A.310 including, but not limited to Sections 1, subsections (b), (c), (e), (f) and (n).

59. GEIGO failed to acknowledge and act reasonably prompt upon communications with respect to claims arising under insurance policies, as prohibited by NRS § 686A.310(1)(b).

60. GEIGO failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy, as prohibited by NRS § 686A.310(1)(c).

61. GEIGO failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements had been completed and submitted by the insured as prohibited by NRS § 686A.310(1)(d).

62. GEIGO failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear, as prohibited by NRS § 686A.310(1)(e).

63. GEIGO compelled Plaintiff to institute litigation to recover amounts due under the Policy, as prohibited by NRS 686A.310(f).

64. GEIGO attempted to settle the claim for less than the amount of which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application, in violation of NRS § 686A.310(1)(g).

65. On more than one occasion GEIGO refused to consider or evaluate Plaintiff's claim, in violation of the Nevada Fair Claims Protection Act.

66. The actions of GEIGO as described herein, constitutes a breach of the covenant of good faith and fair dealing with Plaintiff, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.

## FOURTH CAUSE OF ACTION
(UNJUST ENRICHMENT-DEFENDANT GEIGO)

67. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 to 66 as if fully set forth herein.

8

68. Pursuant to the contractual arrangement between the parties, GEIGO was obligated to pay Plaintiff for damages received as a result of any accident with an underinsured motorist.

69. Retaining amounts it was required to pay pursuant to the contractual agreement has unjustly enriched GEIGO.

70. The actions of GEIGO as described herein, constitutes unjust enrichment at Plaintiff's expense, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.

71. As a direct and proximate result, Plaintiff has had to retain counsel to prosecute this action and is entitled to attorney fees and costs.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. Special damages to be determined at the time of trial;
3. Consequential damages, including attorney's fees;
4. Expectation damages for denied policy benefits in excess of $15,000;
5. Medical and incidental expenses already incurred and to be incurred;
6. Lost earnings and earing capacity;
7. Reasonable attorney's fees and costs of suit;

///
///
///
///
///

8. Interest at the statutory rate; and

9. For such other relief as the Court deems just and proper.

DATED THIS 5th day of March, 2018.

                                          **RICHARD HARRIS LAW FIRM**

                                          /s/ Garnet E. Beal, Esq.

                                          Richard Harris, Esq.
                                          Nevada Bar No. 505
                                          Garnet E. Beal, Esq.
                                          Nevada Bar No. 12693
                                          801 South Fourth Street
                                          Las Vegas, NV 89101
                                          *Attorneys for Plaintiff*

**B**

**B**

Electronically Filed
3/5/2018 10:18 AM
Steven D. Grierson
CLERK OF THE COURT

IAFD
RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax:  (702) 444-4455
E-Mail: garnet@RichardHarrisLaw.com
*Attorneys for Plaintiff*

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| JEREMY PALOW,<br><br>Plaintiff,<br><br>vs.<br><br>GEIGO GENERAL INSURANCE COMPANY; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO.  A-18-770481-C<br>DEPT. NO.  Department 17<br><br>**INITIAL APPEARNACE FEE DISCLSOURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

| | |
|---|---|
| JEREMY PALOW | $270.00 |
| **TOTAL REMITTED:** | $270.00 |

DATED this 5th day of March, 2018.

RICHARD HARRIS LAW FIRM

/s/Garnet E. Beal
GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
801 South Fourth Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

Electronically Filed
4/2/2018 11:12 AM
Steven D. Grierson
CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

JEREMY PALOW,

            Plaintiff,

vs.

GEIGO GENERAL INSURANCE COMPANY;
DOE INDIVIDUALS I-X, inclusive; and ROE
CORPORATIONS I-X, inclusive,

            Defendants.

CASE NO.  A-18-770481-C
DEPT. NO.  Department 17

**SUMMONS**

**NOTICE!** YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**GEICO GENERAL INSURANCE COMPANY**

    1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.  Serve a copy of your response upon the attorney whose name and address is shown below.

    2.  Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issue at the direction of:

**RICHARD HARRIS LAW FIRM**

/s/ Garnet E. Beal

GARNET E. BEAL, ESQ.
Nevada Bar No.12693
801 S. Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

CLERK OF COURT

DEPUTY CLERK
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

3/5/2018
Date

Irish Lapira

## AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| A-18-770481-C | Eighth Judicial District Court | Clark | 2119740 |
| **Plaintiff / Petitioner:** Jeremy Palow | | **Defendant / Respondent:** Geico General Insurance Company | |
| **Received by:** Serve Vegas LLC | | **For:** RICHARD HARRIS LAW FIRM | |
| **To be served upon:** Geico General Insurance Company | | | |

I, Nicholas Ohlson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Linda Stratton , Company: 3300 W. Sahara Avenue Ste. 275, Las Vegas, NV 89102
**Manner of Service:** Government Agency, Mar 23, 2018, 1:19 pm PDT
**Documents:** Complaint , Summon, $30.00 Processing Fee

**Additional Comments:**
1) Successful Attempt: Mar 23, 2018, 1:19 pm PDT at Company: 3300 W. Sahara Avenue Ste. 275, Las Vegas, NV 89102 received by Linda Stratton . Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'8"; Hair: Black;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

*[Signature: Nick Oh]*                         03/27/2018

Nicholas Ohlson                                **Date**
Nevada License # 1914C

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
702-609-0113